UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00152-GNS-LLK

QUINCY BAILEY                                                                                    PETITIONER

v.

RANDY WHITE, WARDEN                                                                    RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge King's Findings of Fact, Conclusions of Law, and Recommendation (DN 12) ("R&R"), Respondent's Objections (DN 13), and Petitioner's Objections (DN 15). For the following reasons, the Court **ADOPTS IN PART** Magistrate Judge King's R&R, **OVERRULES** Petitioner's Objections, **OVERRULES IN PART** and **SUSTAINS IN PART** Respondent's Objections, and **DENIES** the Petition for Habeas Corpus Relief (DN 1).

## I.    BACKGROUND

On August 9, 2006, a McCracken Circuit Court jury found Quincy Bailey ("Bailey") guilty of murder and Bailey was sentenced to life imprisonment in Criminal Action No. 04-CR-00361. (App. 24-25, DN 9-3). Following the entry of the judgment, Bailey's counsel moved for a new trial, which was denied as untimely and as lacking merit. (App. 26-31). On June 25, 2009, the Kentucky Supreme Court upheld the conviction in his direct appeal. *See Bailey v. Commonwealth*, No. 2006-SC-000785-MR, 2009 WL 1830808, at *5-6 (Ky. Oct. 1, 2009) (*Bailey I*). In that appeal, one of the many issues Bailey raised was an ambiguity with the jury verdict form, which that court described as follows:

The trial court correctly read the jury instructions to the jury and a packet of instructions was provided to each juror. However, in that packet, the first-degree manslaughter instruction was erroneously placed before the murder instruction. That is, the first six written instructions were given to the jury in the following order: Instruction 1 (presumption of innocence); Instruction 2 (definitions); Instruction 4 (first-degree manslaughter); Instruction 3 (Murder); Instruction 5 (second-degree manslaughter); and Instruction 6 (reckless homicide). Undoubtedly, this was an administrative mistake.

Unfortunately, the verdict form compounded this error. The written verdict form directed the jury to execute only one of five possible verdicts. The jury executed, and the foreperson signed, the first verdict statement: "We, the jury, find the Defendant, Quincy D. Bailey, guilty of Murder under Instruction No. 4." As stated above, Instruction 4 relates to first-degree manslaughter, not murder, though it was the first homicide instruction in the packet. Thus, on the face of the verdict form, two equally plausible interpretations exist: that the jury found Appellant guilty of murder, though the instruction erroneously refers to Instruction No. 4; or that the jury found Appellant guilty of first-degree manslaughter under Instruction No. 4, though the instruction erroneously refers to murder.

The ambiguity in the verdict form was not recognized at trial. The trial court accepted the verdict without objection from either party and polled the jury as to their finding of murder. Judgment was entered. Apparently, the trial court later realized the error in the verdict and issued an order the following week which stated: "The jury was polled as to their finding. Although, there is a typographical error in the verdict form, that both the Commonwealth and the defense counsel over looked (sic), it does not effect (sic) the outcome of the jurors (sic) clear verdict of murder." Appellant's final sentencing occurred about a month later and, again, defense counsel made no objection regarding the verdict form.

*Id.* at *5-6. In addressing the ambiguity and ultimately holding that Bailey's due process

rights were not violated under state law, the Kentucky Supreme Court stated:

Here, on its face, the verdict form is open to two distinct interpretations. However, the jury's intention to find Appellant guilty of murder can be ascertained from the circumstances of the trial. Contrary to Appellant's arguments, we believe the jury was aware that manslaughter and murder are distinct offenses. In its closing arguments, both the Commonwealth and defense counsel thoroughly explained the degrees of homicide. During the sentencing phase, repeated and continual reference was made to murder and the penalties allowed for that offense.

Furthermore, when the jury was polled, specific reference was made to its having "found defendant guilty of murder." All jurors individually affirmed that this was, indeed, their verdict.

We also find significant the jury's recommended sentence. The jury originally returned a sentencing recommendation of "25 years to life." The trial court explained that the allowable sentences for murder were either a term of years between 20 and 50 years or life imprisonment. The jury returned a revised recommendation of "life." We believe that, had the jury intended to convict Appellant of the lesser offense of first-degree manslaughter, it is improbable that it would then recommend the harshest possible sentence.

Most importantly, we cannot ignore the fact that no objection was made to the trial court concerning the verdict. Evidently, the typographical error went unnoticed at trial. However, the trial court *sua sponte* clarified the verdict in its order issued a week later. Defense counsel received a copy of this order and was, therefore, on notice of the verdict's defect. Still, at the final sentencing proceeding a month later, no objection was made to the verdict. The trial court specifically asked defense counsel if any lawful reason existed why sentence should not be imposed, and defense counsel responded in the negative. We reiterate these circumstances not to highlight the lack of preservation of this issue, but to evidence the general understanding held by defense counsel, the Commonwealth, and the trial court, that Appellant was found guilty of murder, *even after the apparent defect was brought to light.*

*Id.* at *7-8 (internal citations omitted). Bailey's petition for rehearing was subsequently denied. (App. 447).

On January 8, 2010, Bailey moved for relief from the judgment pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02. (App. 35). In that motion, Bailey raised the issue of the ambiguous jury verdict form. (App. 36-41). The McCracken Circuit Court denied the motion due to the issue not being timely raised and having been previously addressed by the Kentucky Supreme Court in Bailey's direct appeal. (App. 45). The Kentucky Court of Appeals affirmed the denial of relief under CR 60.02. *See Bailey v. Commonwealth*, No. 2010-CA-000425-MR, 2011 WL 5244935, at *1 (Ky. App. Nov. 2011) (*Bailey II*). The appellate court reasoned that Bailey was improperly asserting issues that could "'reasonably have been presented' by direct appeal or RCr 11.42 proceedings." *Id.* at *2 (citations

omitted).  The court further noted that the Supreme Court had previously addressed the issue raised in Bailey's direct appeal.  *See id.*

On October 17, 2011, Bailey sought relief from his conviction pursuant to Kentucky Rules of Criminal Procedure ("RCr") 11.42 and 10.26.  (App. 47).  In that motion, Bailey asserted 25 grounds for relief based upon ineffective assistance of counsel, which included the issues of the jury verdict form and investigation of witnesses.  (App. 47-49).  The McCracken Circuit Court denied the motion.  (App. 197).  On appeal, the Kentucky Court of Appeals affirmed the order denying the motion.  *See Bailey v. Commonwealth*, No. 2012-CA-000090-MR, 2014 WL 28671, at *1 (Ky. App. Jan. 3, 2014) (*Bailey III*).  In particular, the appellate court stated that "it is evident that even if Bailey's counsel was deficient in failing to object to these errors regarding the verdict, no prejudice resulted because the jury's verdict would not have changed.  The jury both intended and did convict him of murder, regardless of any irregularities."  *Id*. at *6.  In denying Bailey's claim of ineffective assistance of counsel relating to the investigation of potential witnesses, the court found that he failed to allege any prejudice because those witnesses' testimony would not have changed the outcome of the trial.  *See id.* at *3.  The Kentucky Supreme Court subsequently denied discretionary review. *See id.* at *1.

On June 25, 2015, Bailey filed the Petition in this Court.  (Pet. Writ Habeas Corpus, DN 1).  On September 30, 2015, Respondent filed his response and asserted that Bailey's claims were procedurally defaulted.  (Resp't's Resp. 1, 9-13, DN 9).  On December 9, 2015, the Magistrate Judge filed the R&R recommending that the petition be denied but recommending that a certificate of appealability be issued.  (R. & R. 18, DN 12).  Both parties

timely filed objections. (Pet'r's Objs., DN 13; Resp't's Objs., DN 15). This matter is thus ripe for adjudication.

## JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## II.     STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

With respect to Section 2254(d)(1), the phrase "contrary to" means "'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (citing Webster's Third New International Dictionary 495 (1976)). Thus, under the "contrary to" clause of that subsection, the Court may grant the petition if: (a) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; **or** (b) the state court decides a case differently than the Supreme Court "has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13.

Under the "unreasonable application" clause of § 2254(d)(1), the Court may grant the petition if the state court identifies the correct governing legal rule from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *See id.* at 407-08, 413. When the Court makes the "unreasonable application" inquiry it "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Thus, the state court's application of clearly established federal law must be more than simply erroneous or incorrect, it must be objectively unreasonable. *See id.* at 409-11; *Macias v. Makowski*, 291 F.3d 447, 451 (6th Cir. 2002).

Under Section 2254(d)(2), the petitioner may obtain relief only by showing the state court's conclusion is "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, Section 2254(d)(2) applies when a petitioner challenges factual determinations by the state court. *See, e.g.*, *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001) (challenge to state court's determination that the evidence did not support an aiding and abetting suicide instruction); *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (challenge to state court's factual determination that Sheriff Greer had not seen the letter prior to Clark's trial); *Stallings v. Bagley*, 561 F. Supp. 2d 821,

880-81 (N.D. Ohio 2008) (challenge to state court's factual finding regarding issue of mental retardation).

In general, Section 2254(d) provides a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (internal quotation marks omitted) (citation omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

## III.    DISCUSSION

In his Petition, Bailey raises three grounds for relief: (i) his federal due process rights were violated due to the submission of an ambiguous verdict form to the jury, which created reasonable doubt as to whether the jury intended to convict Bailey of murder or first-degree manslaughter; (ii) his trial counsel was ineffective in failing to object to the ambiguity within the jury verdict form; and (iii) trial counsel was ineffective in failing to investigate potential witness that would have support Bailey's assertion of self-defense. (Pet. Writ. Habeas Corpus 5, 7, 8, DN 1). The matter was referred to the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b). In the Findings of Fact, Conclusions of Law, and Recommendation (R&R), the Magistrate Judge recommended that Bailey's petition be denied but that a certificate of

appealability be issued as to Ground 1 relating to the ambiguous jury verdict form (R. & R. 10, 18). Both parties then filed objections.

In his objections, Bailey reiterates doubt as to whether the jury intended to convict him of murder due to the ambiguity in the jury verdict form. (Pet'r's Objs. 2-3). He maintains that the alleged errors committed were not harmless because the ambiguous jury verdict form denied him due process rights and that he received ineffective assistance of counsel. (Pet'r's Objs. 3-4). Bailey requests that he receive a certificate of appealability as recommended by the Magistrate Judge. (Pet'r's Objs. 4).

Respondent also asserts various objections to the R&R. Respondent argues that the due process claim was procedurally defaulted and that the due process claim lacks merit. (Resp't's Objs. 1-6). In addition, Respondent maintains that the ineffective assistance of counsel claims are meritless and that this Court should deny the recommended certificate of appealability. (Resp't's Objs. 6-7).

### A.      Procedural Default

As the Supreme Court has stated:

> Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also id.* at 845 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). As recognized by the Sixth Circuit:

> This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (internal citation omitted) (citation omitted). The Magistrate Judge found that the issues in the Petition were not procedurally defaulted, and Respondent has objected. Accordingly, this Court must determine whether any of the issues raised in the Petition are procedurally barred.

### 1. *Due Process – Ambiguous Jury Verdict Form*

Under the procedural default doctrine, "[a] federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment 'rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the [state] court's decision.'" *Frazier v. Huffman,* 343 F.3d 780, 790 (6th Cir. 2003) (citations omitted). *See also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To determine the applicability of this doctrine, federal courts apply the following four-part test:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Clinkscale v. Carter*, 375 F.3d 430, 440-41 (6th Cir. 2004) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Under this doctrine, the state judgment of interest is the last-explained state court judgment. *See Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)).

Bailey's trial counsel failed to make any objection concerning the verdict's defect despite being put on notice of the error by the trial court's *sua sponte* clarification of the verdict in its order issued a week after the trial. (App. 24-25). Further, during the final sentencing proceeding a month later, trial counsel made no objection to the verdict. Thus, trial counsel did not make any effort to preserve for appellate review Bailey's claim that his federal due process rights were violated due to the submission of an ambiguous verdict form to the jury. This is the first procedural default pertaining to Bailey's due process claim.

On direct appeal, Bailey's initial and reply briefs acknowledged that the issue of an ambiguous jury verdict form had not been preserved for appellate review and requested that the Kentucky Supreme Court review his claim for palpable error pursuant to RCr 10.26 (App. 230-31). More importantly, his direct appeal brief and reply brief presented a purely state law claim regarding the ambiguous jury verdict form. (App. 230-31, 352-55). The Kentucky Supreme Court concluded because Bailey had not sustained his burden under the palpable error standard his claim about an ambiguous jury verdict form had been waived because it had not been preserved for appellate review. *See Bailey I*, 2009 WL 1830808, at *5-8. Thus, the Kentucky Supreme Court found that Bailey failed to comply with a state procedural rule that applied to his claim regarding an ambiguous jury verdict form, and it enforced the state procedural sanction. Obviously, this state procedural forfeiture is an adequate and

independent state ground on which the Kentucky Supreme Court relied to foreclose review of Bailey's purely state law claim of an ambiguous jury verdict form.

Contrary to the Magistrate Judge's finding and Bailey's assertion in his reply memorandum and objections, Bailey's direct appeal briefs did not fairly present a federal due process argument in his claim regarding the ambiguous jury verdict form. (App. 230-31, 352-55). In reaching this conclusion, the Court notes that Bailey's argument in support of this claim did not rely upon federal or state cases employing constitutional analysis; phrase the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or allege facts well within the mainstream of constitutional law. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Moreover, the Magistrate Judge reached his conclusion by mistakenly relying on part of Bailey's argument in support of an entirely different direct appeal claim. (*Compare* R. & R. 8, *with* App. 238-39). Specifically, the Magistrate Judge quoted language from Bailey's argument in support of his seventh claim, which asserts the cumulative nature of the errors in the trial court warrant reversal and remand. (R. & R. 8). Clearly, what Bailey argued in support of a his seventh claim cannot be considered in determining whether his third claim fairly presented a federal due process argument to the Kentucky Supreme Court. *See* CR 76.12(4)(c)(iii) and (v) (procedural rules intended to place the state appellate courts on notice of the claims asserted on appeal). Thus, on direct appeal, Bailey did not fairly present his federal due process claim to the Kentucky Supreme Court. Further, pursuant to well-settled Kentucky law, Bailey is now procedurally barred from doing so. *See Bronston v. Commonwealth*, 481 S.W.2d 666, 667 (Ky. 1972).

Alternatively, Bailey argues that he fairly presented the federal due process claim to the Kentucky Supreme Court by including it in his petition for rehearing. (Pet'r's Reply Pet.

Writ. Habeas Corpus 3-4, DN 11). Bailey's petition for rehearing did set forth an argument that the ambiguous guilty verdict form violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (App. 385, 394-99). However, Bailey's argument ignores well established Kentucky law holding that a claim raised for the first time in a petition for rehearing will not be considered if it could have been raised in the original briefs. *See Johnson v. Commonwealth*, 450 S.W.3d 707, 712-13 (Ky. 2014) (any issue that could have been raised but was not is treated as waived, and a petition for rehearing cannot be used to overcome that waiver) (citing CR 76.32(b); *Reed v. Reed*, 457 S.W.2d 4 (Ky. 1969); *Commonwealth, Dept. of Highways v. Thomas*, 427 S.W.2d 213, 217 (Ky. 1967); *Herrick v. Wills*, 333 S.W.2d 275, 276 (Ky. 1959)). Thus, Kentucky's procedural rules fatally undermine Bailey's alternative argument that his petition for rehearing fairly presented the due process claim to the Kentucky Supreme Court.[1] In sum, Bailey failed to fairly present his federal due process claim to the state's highest court on direct appeal. This is the second procedural default pertaining to Bailey's due process claim.

Because there are two procedural defaults, federal review of Bailey's due process claim is barred absent a showing of "cause" and "prejudice" as to each procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Under the "cause" and "prejudice" test, "cause" must be something *external* to the petitioner that impeded his efforts to comply with the state's procedural rules. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991). For example, if Bailey demonstrates that trial counsel's failure to preserve Bailey's due process claim for direct appeal satisfies both

---

[1] Because the last reasoned opinion of the Kentucky Supreme Court explicitly imposed a procedural default, this Court will presume that the order rejecting Bailey's petition for rehearing did not silently disregard the procedural bar and consider the merits of his claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991).

components of the ineffective assistance of counsel test, established in *Strickland v. Washington*, 466 U.S. 668 (1984), then "cause" is shown as to the first procedural default. *See Murray*, 477 U.S. at 478-88. Likewise, if Bailey shows that appellate counsel's failure to present Bailey's federal due process claim on direct appeal satisfies both components of the Strickland test then "cause" is shown as to the second procedural default. Notably, Bailey must have presented each claim of ineffective assistance of counsel to the state courts as an independent claim before he may use it in this Court to establish "cause" for his procedural default. *See id.* at 488-89. To satisfy the "prejudice" requirement, under the "cause" and "prejudice" test, Bailey must demonstrate the claimed constitutional error is so substantial that it undermined the integrity of the entire trial. *See United States v. Frady*, 456 U.S. 152, 169-70 (1981).

Bailey's RCr 11.42 and RCr 10.26 motion to the trial court and collateral attack brief to the Kentucky Court of Appeals raised a claim that he received ineffective assistance of counsel when trial counsel failed to object to the error in the jury verdict depriving Bailey of the fundamental right to a clear, unanimous, and unambiguous verdict. (App. 94-98, 554, 572-77). Because Bailey presented this claim of ineffective assistance of trial counsel to the state courts as an independent claim he may use it before this Court to establish "cause" for his first procedural default.

To establish ineffective assistance of counsel, Bailey must show deficient performance and resulting prejudice. *See Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009); *Strickland*, 466 U.S. at 687. The performance inquiry requires Bailey to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires Bailey "to show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a criminal trial, the prejudice inquiry requires the defendant to show there is a reasonable probability that, absent trial counsel's error, the jury would have had a reasonable doubt respecting guilt. *See id.* at 695.

On direct appeal, the Kentucky Supreme Court carefully reviewed the circumstances surrounding the jury verdict form and determined there was no error by the trial court in upholding a verdict of murder. *Bailey I*, 2009 WL 183080 at 5-8. The Kentucky Supreme Court explained as follows:

> It is our conclusion that the jury intended to find [Bailey] guilty of murder. The evidence adduced at trial strongly supported the finding that [Bailey] returned to The Set with the intention of killing Askew in revenge. When polled as to the finding of murder, no juror objected or attempted to correct the trial court. The jury's recommended sentence reflects a belief that the crime was so egregious as to warrant the highest possible sentence. Even after the verdict's deficiency was revealed, all parties proceeded with final sentencing under the belief that [Bailey] was found guilty of murder. In light of these circumstances, the jury's intent can be fairly ascertained.

*Id.* at 8. The factual findings of the Kentucky Supreme Court are presumed to be correct because Bailey has not rebutted that presumption with clear and convincing evidence. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). In light of these findings by the Kentucky Supreme Court, Bailey cannot demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the jury would have had a reasonable doubt respecting his guilt. Because the Court has determined that Bailey failed to satisfy the prejudice component to the *Strickland* test, there is no need to determine whether trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 697. Thus, Bailey cannot show "cause" to excuse the first procedural default.

Unfortunately, Bailey's RCr 11.42 and RCr 10.26 motion to the trial court and collateral attack brief to the Kentucky Court of Appeals did not raise a claim of ineffective assistance related to appellate counsel's failure to present Bailey's due process claim to the Kentucky Supreme Court. As a result, he is now procedurally barred from presenting that claim to the state courts. *See Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983). Thus, Bailey cannot raise before this Court a claim of ineffective assistance of appellate counsel to demonstrate "cause" to excuse his second procedural default. *See Murray*, 477 U.S. at 488-89. Additionally, the equitable exception that the Supreme Court created in *Martinez v. Ryan*, 566 U.S. 1, 13-18 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 1918-21 (2013), does not provide Bailey any relief because that exception is limited to claims of ineffective assistance of trial counsel.

In sum, Bailey has failed to show "cause" as to both procedural defaults. Therefore, Bailey cannot rely on the "cause" and "prejudice" test to overcome the two procedural defaults that bar federal review of his due process claim.

In his reply memorandum, Bailey argues that his procedural default should be excused because failing to address his due process claim would result in a miscarriage of justice due to his actual innocence. (Pet'r's Reply Pet. Writ. Habeas Corpus 9-10). The Supreme Court is "confident that, for the most part, 'victims of a fundamental miscarriage of justice' will meet the cause-and-prejudice standard." *Carrier*, 477 U.S. at 495-96 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). However, the Supreme Court does "not pretend that this will always be true." *Id.* at 496. Therefore, the Supreme Court has indicated that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing

of cause for the procedural default." *Id.*; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 327-31 (1995); *Coleman*, 501 U.S. at 750.

To satisfy this standard, Bailey must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496. To establish the requisite probability, Bailey must demonstrate that it is "more likely than not" that "no reasonable juror" would have convicted him in light of all the evidence. *Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 324, 327-28; *Carrier*, 477 U.S. at 496. The "more likely than not" standard requires a showing stronger than that needed to establish "prejudice." *Schlup*, 513 U.S. at 327 (citing *Strickland*, 466 U.S. at 694). "At the same time, the showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' evidence standard required under *Sawyer*." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339-48 (1992)). Further, the "more likely than not" standard was selected to ensure that a "petitioner's case is truly 'extraordinary,' . . . while still providing petitioner a meaningful avenue by which to avoid a manifest injustice. *Id.* (citation omitted).

To be credible, an actual innocence claim must be substantiated with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.*

Here, Bailey has not substantiated his claim of actual innocence with new reliable evidence.[2] Rather, Bailey merely disagrees with the Kentucky Supreme Court's factual

---

[2] The four affidavits attached to Bailey's petition have previously been submitted to the state court's in support of a claim of ineffective assistance of counsel. *See Bailey III*, 2014 WL 28671, at *3. The Kentucky Court of Appeals considered the affidavits and explained why

findings related to the ambiguity in the jury verdict form. The Kentucky Supreme Court carefully reviewed the circumstances surrounding the jury verdict form and determined there was no error by the trial court in upholding a verdict of murder. *See Bailey I*, 2009 WL 1830808, at *5-8. The factual findings of the Kentucky Supreme Court are presumed to be correct because Bailey has not rebutted that presumption with clear and convincing evidence. *See Miller-El*, 545 U.S. at 240 (quoting 28 U.S.C. § 2254(e)(1)). Clearly, Bailey has not demonstrated that the purported constitutional violation has probably resulted in the conviction of one who is actually innocent. Therefore, the Court concludes that federal review is barred as to Bailey's claim that his federal due process rights were violated due to the submission of an ambiguous verdict form to the jury.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court established a two-pronged test that is used to determine whether a certificate of appealability should issue on a habeas claim denied on procedural grounds. *See id.* at 484-85. To satisfy the first prong of the *Slack* test, Bailey must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* at 484. To satisfy the second prong, Bailey must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Bailey makes an

---

the testimony of these four witnesses would not have altered the outcome of Bailey's trial. Id. The factual findings of the Kentucky Court of Appeals are presumed to be correct because Bailey has not rebutted that presumption with clear and convincing evidence. *See Miller-El*, 545 U.S. at 240 (quoting 28 U.S.C. § 2254(e)(1)).

insufficient showing on one part. *See id.* at 485. "Each component of the Section 2253(c) showing is part of a threshold inquiry, and a Court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue of whose answer is more apparent from the record and arguments." *Id.* For example, if the Court determines Bailey failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. *Id.*

In this case, the Court concludes that jurists of reason would not find it debatable that the district court was correct in its procedural ruling. As discussed above, two procedural defaults exists and Bailey has failed to demonstrate cause and prejudice or manifest injustice to excuse those procedural defaults of the due process claims. Accordingly, the Court concludes that no certificate of appealability should issue on the due process claim.

## 2. *Ineffective Assistance of Counsel – Ambiguous Jury Verdict Form*

As Ground 2 for habeas relief, Bailey also alleges ineffective assistance of counsel relating to his trial counsel's failure to object to the ambiguity in the jury verdict form. (Pet. Writ Habeas 7). Before considering this basis for relief, the Court must first determine whether it was raised in one of his state court appeals or is procedurally barred.

In his RCr 11.42 and RCr 10.02 motion to the state trial court, Bailey raised this issue as to ineffective assistance of counsel. (App. 448). Subsequently, in his appellant's brief to the Kentucky Court of Appeals relating to his RCr 11.42 motion, Bailey cited to *Strickland v. Washington* and other federal cases regarding the standard for ineffective assistance of counsel. (App. 559-60). In support of his request for relief relating to his trial counsel's failure to object to the jury verdict ambiguity, Bailey argued that he "was denied due process of law as guaranteed under . . . the 5th, 6th and 14th Amendments of the United States

18

Constitution as a result of counsel's ineffectiveness." (App. 577). Thus, because Bailey raised federal constitutional violations relating to his ineffective assistance of trial counsel claim, this claim is not procedurally barred.

### 3. *Ineffective Assistance of Counsel – Failure to Investigate Potential Witnesses Supporting Defense of Self-Defense*

In his RCr 11.42 and RCr 10.02 motion to the state trial court and in his brief to the Kentucky Court of Appeals regarding to that motion, Bailey asserted his ineffective assistance of counsel claim relating to his trial counsel's failure to investigate witnesses. (App. 47-49, 561-66). In his appeal to the Kentucky Court of Appeals, Bailey specifically cited to *Strickland* and other federal cases relating to counsel's duty to investigate the facts of the case, including potential witnesses. (App. 562-65). In the Kentucky Court of Appeals' decision denying relief under RCr 11.42, that court cited *Strickland* and other federal cases relating to a counsel's duty to investigate witnesses including *Moss v. Hofbauer*, 286 F.3d 851 (6th Cir. 2002), and *Wiggins v. Smith*, 539 U.S. 510 (2003). *See Bailey III*, 2014 WL 28671, at *2-3. For these reasons, this issue is not procedurally barred in his Petition.

### B. <u>Ineffective Assistance of Counsel</u>

Because Bailey's ineffective assistance of trial counsel claims are not procedurally defaulted, the Court must proceed to determine whether state court's decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." *Williams*, 529 U.S. at 367. "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citation omitted).

To prevail on Grounds 2 and 3 based upon ineffective assistance of counsel, Bailey must show that: (i) his trial counsel's performance was deficient; and (ii) the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004); *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). These prongs are considered mixed questions of law and fact. *See Strickland*, 466 U.S. at 698; *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). Both prongs of the test must be met, but courts are not required to conduct an analysis under both; thus, the court need not address the question of competence if it is easier to dispose of the claim due to the lack of prejudice. *See Strickland*, 466 U.S. at 697; *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004); *Mallett*, 334 F.3d at 497.

### 1. *Failure to Object to Verdict Form Ambiguity*

In Ground 2, Bailey asserts that his trial counsel was ineffective in failing to object to the ambiguity in the verdict form. (Pet. for Writ of Habeas Corpus 7). In particular, Bailey states:

> Responding to the jury instruction and verdict form error arguments, the Kentucky Supreme Court placed great weight in the fact that trial counsel failed to object at trial, or even at sentencing, and that it had been the trial court that had recognized the error. Under this highly deferential standard of review, the state's high court found it much easier to deny relief. But for trial counsel's failure to object, the Kentucky Supreme Court would have reviewed de novo, and a reasonable probability exists that it would have found error and vacated the murder conviction.

(Pet. Writ Habeas Corpus 7).

Following the exhaustion of his direct appeal, Bailey sought relief under RCr 11.42 on various bases including, *inter alia*, his trial counsel's failure to object to the verdict form.

After the trial court denied relief, Bailey appealed to the Kentucky Court of Appeals. *See Bailey III*, 2014 WL 28671, at *1. The appellate court noted:

> Bailey must establish he was deprived of his constitutional right to counsel in order to be entitled to the extraordinary relief of RCr 11.42. Under *Strickland v. Washington*, . . . Bailey must show his counsel's performance was incompetent and prejudiced him because it fell below an objective standard of reasonableness and there is a reasonable probability the result of the proceeding would have been different but for counsel's errors.

*Id.* at *2 (internal citation omitted) (citation omitted). In reviewing this alleged error, the court noted the verdict form ambiguity had been unsuccessfully raised as part of Bailey's direct appeal. *See id.* at *4-5 (quoting *Bailey I*, 2009 WL 1830808, at *5-6). In affirming the denial of relief under RCr 11.42, the appellate court reasoned:

> In light of these previous rulings, it is evident that even if Bailey's counsel was deficient in failing to object to these errors regarding the verdict, no prejudice resulted because the jury's verdict would not have changed. The jury both intended and did convict him of murder, regardless of any irregularities.

*Id.* at *6.

Based upon this Court's review of *Bailey III*, the Kentucky appellate court correctly identified the clearly established federal precedent of *Strickland* and correctly applied it to Bailey's claim. *See id.* at *2-7. Accordingly, the state court's application of the standards relating to the ineffective assistance of counsel claim regarding the ambiguous jury verdict form was not erroneous.

### 2. *Failure to Investigate Potential Witnesses Supporting Defense of Self-Defense*

In Ground 3, Bailey asserts that his trial counsel was ineffective in failing to investigate two potential witnesses. In the Petition, Bailey states:

> The record shows that a strong case of self-defense could have been presented in this case but that trial counsel failed to adequately investigate and call witnesses to present that defense. Bailey provided his defense counsel with the

names of witnesses that would have provided testimony in support of a case of self-defense. These uncalled witnesses included Lakin Bradford, who would have testified that she was with Billy Askew on the day of his death that Askew stated that he had a gun, and that he was looking for Bailey to kill him because of an argument with Bailey earlier that day. This not only would have helped the defense but challenged Unvander Hunter's testimony claiming she did not know Askew had a gun that day. Uncalled witness Gloria Harris would have testified as to Askew's violent behavior and apparent state of mind on the day of his death.

(Pet. Writ Habeas Corpus 8).

In reviewing the denial of Bailey's RCr 11.42 motion, the Kentucky Court of Appeals specifically considered this issue. In concluding that those witnesses' testimony would have been cumulative and its exclusion was not prejudicial, that court noted:

Bradford's potential testimony was cumulative to that given by other defense witnesses which also contradicted Hunter's version of the events. Harris's potential testimony was duplicative of other testimony and less relevant. Neither woman's testimony would have provided evidence on the key issue as to whether Askew threatened Bailey with his gun before Bailey fired. Therefore, we cannot say their testimony would have altered the outcome of Bailey's trial.

*Bailey III*, 2014 WL 28671, at *3.

In evaluating the trial strategy of Bailey's counsel, "[t]he relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) (citing *Strickland*, 466 U.S. at 688). *See also Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992) ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 690-91)). Under *Strickland*, however, Bailey still has the burden of showing prejudice arising from the ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690-92. To prevail, Bailey must

overcome the strong presumption that the challenged action might be considered a sound trial strategy. *See Darden v. Wainwright*, 477 U.S. 168, 185-87 (1986).

As the Kentucky appellate court noted, the omitted witnesses would have provided cumulative testimony, and this Court cannot say that Bailey's counsel's tactical decision was unreasonable. *See Sutton v. Carpenter*, 617 F. App'x 434, 446-47 (6th Cir. 2015) (finding that the failure to introduce largely cumulative evidence was a reasonable trial strategy); *Boutte v. Biter*, 556 F. App'x 623, 625 (9th Cir. 2014) (noting that the police report would have been cumulative with other evidence and its exclusion did not constitute ineffective assistance of counsel); *Ryan v. Marshall*, 397 F. App'x 494, 498 (10th Cir. 2010) (finding that the excluded videotape evidence was cumulative of other evidence introduced at trial). In addition, the Court finds that the failure to present those witnesses' testimony was not prejudicial because such testimony would have been cumulative.

For these reasons, the state court's rejection of the ineffective assistance of counsel on this basis is not unreasonable and will not be disturbed. The Court will deny the Petition for this reason.

### 3.    *Certificate of Appealability*

Finally, the Court must determine whether a certificate of appealability should issue on Bailey's ineffective assistance of counsel claims. Because the Court has rejected these claims on the merits, Bailey must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. For the reasons outlined above in addressing the merits of these claims, the Court concludes that no reasonable jurist would so find in this case.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Petitioner's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 13) are **OVERRULED**;

2.      Respondent's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 13) are **OVERRULED IN PART** and **SUSTAINED IN PART**;

3.      The Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation (DN 20) is **ADOPTED IN PART** as and for the opinion of this Court;

4.      Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**; and

5.      The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED** as to all claims.

**Greg N. Stivers, Judge**
**United States District Court**
June 1, 2017

cc:      counsel of record